1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10                    \* \* \* \* \* \* \* \* \* \* \* \*

11   BANK OF AMERICA, NATIONAL                )     Case No.: 2:09-cv-02383-RLH-LRL
     ASSOCIATION, as Trustee for the Registered )
12   Certificateholders of Morgan Stanley Capital I, )
     Inc., Commercial Mortgage Pass-Through    )
13   Certificates, Series 2007-TOP25,          )     **ORDER GRANTING RECEIVER'S**
                                               )     **MOTION TO TERMINATE**
14                    Plaintiff,               )     **RECEIVERSHIP**
                                               )
15        vs.                                  )
                                               )
16   VILLAGE SQUARE SHOPPING CENTER,           )
     LLC, a Nevada limited liability company,  )
17                                             )
                                               )
18                    Defendant.               )
                                               )

19        On April 18, 2011, Receiver David Jewkes' Motion to Terminate Receivership (Doc. 28)

20   came on for hearing before the Court in Chambers.

21        After considering the Memorandum of Points & Authorities, the Court's file, the Exhibits

22   attached thereto, and those matters of which the Court may or must take judicial notice, the Court

23   makes the following findings:

24        1.    This matter was commenced by the Plaintiff after the Defendant allegedly

25   defaulted on its obligations owed to the Plaintiff.

26        2.    On February 2, 2010, the Court entered an order on the stipulation between the

27   Parties and David L. Jewkes was appointed the receiver of the Property (Doc. 22).

28

3.      On or about October 12, 2010, Plaintiff foreclosed on the subject property through non-judicial foreclosure proceedings.

4.      A final report prepared by the Receiver was distributed for review to all interested parties, and a copy was attached to the Motion as Exhibit 1.

5.      The Receiver's services are complete and no future services are needed, and the Receivership should accordingly be terminated.

6.      The Court has reviewed the final report, found it complete and satisfactory, and approves of the same.

7.      The Receiver shall be allowed to pay the final expenses of the Receivership, including the requested legal fees, from the proceeds collected on behalf of the Receivership Estate.

8.      There was no bond required, and therefore no bond needs to be exonerated.

9.      There was no Opposition to the Motion filed by any party to the lawsuit or any party interested in the Receivership Estate.

For all of the foregoing reasons, and FOR GOOD CAUSE SHOWN, the Motion is GRANTED.

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2011.

ROGER L. HUNT
UNITED STATES DISTRICT JUDGE